## Duncan McPhail v. The People ex rel. Chas. T. Lambert.

1. POLICE MAGISTRATE—*Nature of the Office.*—The office of police magistrate is not, strictly speaking, a municipal office. It is an office having the same jurisdiction as a justice of the peace, and is one in which the general public has an interest in having filled in a legal manner, and in prohibiting an excess of such magistrates and their multiplication, in violation of law.

2. SAME—*Election Since the Constitution of 1870.*—Section 21 of Article 6 of the Constitution of 1870, provides for the election of police magistrates and justices of the peace. Any other mode of filling the office is unconstitutional.

3. QUO WARRANTO—*Proper Remedy—Police Magistrate.*—A writ of quo warranto is the proper remedy to test the right of a person to hold the office of police magistrate.

4. SAME—*Limitations.*—In the absence of statutory limitations *it is held* in this country, an information in the nature of a quo warranto in behalf of the people, may be filed at any time.

5. PLEADINGS—*Vacancies in Office.*—In pleading to an information

in the nature of a quo warranto to test the right of a police magistrate, that there was a vacancy in the office, etc., the recitation "there being a vacancy in the office," etc., is not sufficient. There should be a direct averment of a vacancy and a showing by facts stated, the manner of its occurring.

6.  SAME—*Not Estopped by Recognizing the Defendant in the Office.* —The fact that the relator has recognized the defendant in a quo warranto proceeding as holding the office his right to which the proceeding is brought to test, is no defense to the action, as it does not estop the relator from proceeding therein.

**Memorandum.**—Quo warranto proceedings. In the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Trial and judgment of ouster; appeal by defendant. Heard in this court at the May term, 1894, and affirmed.

H. W. WELLS, attorney for appellant.

R. J. COONEY, State's Attorney, for appellees; L. F. MEEK, of counsel.

MR. PRESIDING JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

The state's attorney of Peoria county, at the relation of Chas. T. Lambert, filed an information returnable to the October term, 1893, of the Circuit Court. It appears from the relation that Chas. T. Lambert was duly elected police magistrate in the city of Peoria under their existing laws, November 4, 1890, for the term of four years, and was duly qualified and entered on the duties of his office; that his term of office commenced to run from the first Tuesday in January, 1891, and that he had ever since continued to fill the duties of his office and that his term expired first Tuesday of January, 1895.

The relation further showed that the city of Peoria, by vote of its legally qualified voters became organized under the general corporation act, entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872, November 6, 1891; that prior to that time the city had been organized under an act entitled "An act to reduce the charter of the city of Peoria and the several acts amenda-

tory thereto into one act and revise the same," approved February 20, 1869. The relation further shows that under the general incorporation laws for cities and villages, under which the city of Peoria is now organized, there is no provision for the election of police magistrates in any city organized under it; that the only act authorizing the election of such offices in incorporated cities is the act approved April 13, 1875, Laws 1875, p. 91, all former acts having been repealed. 1874, R. S., p. 1012, 1021. Sec. 1 of the act of 1875 provides for the election of police magistrates, and Sec. 2 provides that election of police magistrates shall not be held in cities having one or more police magistrates elected under a former organization as a town or city, until the term for which said police magistrate was elected has expired. If the last named act is not applicable the relator's election took place under the charter of 1869. It appears by a showing of the relation that the term of office for which said relator was elected did not expire until the first Tuesday in January, 1895, and that contrary to law, and when no vacancy existed, the appellant was voted for for police magistrate and elected to the office at a municipal election specially called by the city council for the election of city officers under the general law, April 19, 1891, and that appellant assumed to qualify as such and assumed to act as police magistrate of the city and continued so to act, when his election, by act of April 13, 1875, was expressly prohibited. And the relator gave the court to understand that said Duncan McPhail then continued to hold said office without warranty or right, to the damage and prejudice of the people of the State of Illinois, and against the peace and dignity of the same.

A writ of quo warranto was duly issued and served and on the case being called the appellant by his attorney pleaded several pleas, Nos. 1, 2, 3, 4, 5, 6 and 7, to which said several pleas the state's attorney entered a general and special demurrer, which demurrer was sustained by the court, and appellant abiding his said pleas the court entered a judgment of ouster against said appellant and assessed a fine of one

dollar and costs against him, from which said judgment this appeal is taken.

The question arises here as to the sufficiency of the several pleas. The first and second pleas set up the statute of limitations of one year in the first and of sixteen months in the second plea. It is insisted that the statute of limitations should apply as it is enacted in England by act of 1882, limiting the time to calling in question by quo warranto proceedings the holding of a corporate office to twelve months. It is not claimed that this act of the English Parliament has any force in this State, but it is insisted that as matter of public policy the court should exercise its discretion to refuse the writ after such time has elapsed, and that such statute ought to have weight in determining the question of the time when the writ should be refused. We do not think the point well taken. The office of police magistrate is not, strictly speaking, a corporate office. It is an office having the same jurisdiction as other justices of the peace, and is one in which the general public has an interest.

It is certainly an office in which the general public has great interest, and in having it filled in a legal manner, and in prohibiting an excess of public magistrates and their multiplication where there is no law authorizing it, and there is no equitable reason in this case why the writ of quo warranto should be withheld.

In the absence of statutory limitations it is held in this country the attorney-general may file the information in behalf of the people at any time. High on Extraordinary Legal Remedies, Sec. 621, p. 451.

The third plea undertakes to set up that the office of police magistrate in the city of Peoria was vacant, and that in consequence appellant was legally and properly elected to fill the office. There is no direct averment that the office was vacant, only by recitation. "There being a vacancy in the office of police magistrate," is the form of the averment. This is not sufficient. There should be a direct averment of vacancy and a showing by facts stated

McPhail v. The People.

of the manner of its occurring. There is this attempt to show how it occurred, to wit: "and the defendant avers that the city of Peoria, aforesaid, has wholly failed and neglected to elect any police magistrate under any law at any time prior to the last mentioned law, and said failure to elect as aforesaid was the cause of the aforementioned vacancy,"etc. It is not shown that there was no election held by the city of Peoria on the fourth day of November,1890, under the charter of the city then in force, at which the relator was elected police magistrate of said city, or that he was not legally qualified and assumed the duties of the office; although it was so averred in the information and it is admitted in appellant's argument that the allegation in that particular was truthful. The appellant claims that the charter of 1869 did not authorize the election of a police magistrate, but his appointment by the city council, and cites Sec. 5 of such charter. But Sec. 21 of Article 6 of the Constitution of 1870, provides for the election of police magistrates and justices of the peace ; here any other mode of election would be unconstitutional.

The plea was a mere evasion, and not specific and full enough to require a replication. Besides, the plea fails to show appellant had the necessary statutory qualifications for the office, either as citizen of the United States or resident of Peoria, or that he had qualified as the law required. The plea, we think, as well as Nos. 1 and 2, was bad, and the demurrer properly sustained thereto.

The fourth, fifth and sixth pleas attempt to set up an estoppel against the relator on the ground that he promised appellant his support and political influence in the election, although it is not averred that any assistance was rendered in the election.

There is no ground of estoppel in this. Such a promise would be contrary to public policy and void. And again, no assistance was rendered, and appellant and relator were not running for the same office, as relator is claiming under a former election.

The seventh plea avers an estoppel in that the relator in

exercising the functions of his office of police magistrate sent twenty-five cases to him as police magistrate, thus recognizing him as duly and legally holding the office.

This is entirely insufficient to work an estoppel. In no event could such acts work an estoppel, as appellant was police magistrate *de facto*, and such an act as sending him cases on a change of venue would not be regarded as working an estoppel. In any event, the question involved is not so much personal to the relator as it is of general interest to the public, and hence the prosecution would not be barred by acts of individuals, especially when claiming no right under the same election.

We are of the opinion that the demurrer to the several pleas was rightfully sustained, and the judgment of ouster proper. The judgment is therefore affirmed.